J-S08004-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND CHARLES WHITE | : | |
| | : | |
| Appellant | : | No. 478 WDA 2019 |

Appeal from the PCRA Order Entered March 5, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013548-2000

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                          FILED MAY 08, 2020

Appellant, Raymond Charles White, appeals from the March 5, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We remand this case with instructions.

The record reveals that on July 16, 2002, a jury found Appellant guilty of third-degree murder and criminal conspiracy to commit third-degree murder.[1]  On October 23, 2002, Appellant was sentenced to an aggregate 30 to 60 years' incarceration.  Appellant timely appealed, and on August 24, 2004, this Court affirmed Appellant's judgment of sentence.  Commonwealth v. White, 860 A.2d 1137 (Pa. Super. 2004).  Appellant did not seek discretionary review in our Supreme Court.

_____

[1] 18 Pa.C.S.A. §§ 2502(c) and 903(a)(1), respectively.

On January 18, 2006, Appellant filed pro se his first PCRA petition raising claims of, inter alia, ineffective assistance of counsel and government interference.  Counsel was appointed to represent Appellant.  On July 9, 2007, Appellant's counsel filed a Turner-Finley[2] no-merit letter and a petition to withdraw.  The PCRA court granted counsel's petition to withdraw and notified Appellant of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907.  Appellant filed a pro se response.  On August 17, 2007, the PCRA court dismissed Appellant's PCRA petition.  This Court affirmed the dismissal, and our Supreme Court denied allowance of an appeal. Commonwealth v. White, 959 A.2d 470 (Pa. Super. 2008), appeal denied, 958 A.2d 1048 (Pa. 2008).

On October 27, 2008, Appellant filed pro se his second PCRA petition raising claims of, inter alia, ineffective assistance of counsel and government interference.  Counsel was appointed to represent Appellant and subsequently filed a Turner-Finley no-merit letter.  On July 7, 2010, the PCRA court notified Appellant of its intent to dismiss the PCRA petition pursuant to Rule 907.  Appellant did not file a response.  On October 20, 2010, the PCRA court dismissed Appellant's petition.

On December 21, 2011, Appellant filed pro se his third PCRA petition raising a claim of ineffective assistance of PCRA counsel and alleging he never received notice of the PCRA court's intent to dismiss his second PCRA petition

_____

[2] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

or the order dismissing the same. On March 22, 2012, the PCRA court notified Appellant of its intent to dismiss his third PCRA petition pursuant to Rule 907. Appellant filed pro se a response alleging, inter alia, that PCRA counsel abandoned him. The PCRA court dismissed Appellant's third PCRA petition on April 12, 2012. Appellant filed pro se a notice of appeal on May 2, 2012. This Court reversed the dismissal of Appellant's third PCRA petition and remanded the case with instructions. Commonwealth v. White, 2013 WL 11288929 at *1 (Pa. Super. January 28, 2013) (unpublished memorandum). This Court found, "the PCRA court failed to consider the 'no merit' letter at all, and that notice of the [PCRA court's intent to dismiss and subsequent dismissal order were] given solely to PCRA counsel." Id. (original brackets omitted). On remand, PCRA counsel was instructed to provide Appellant a copy of the no-merit letter. Id. The PCRA court, after an independent review of the record, was to provide Appellant notice of its intent to dismiss pursuant to Rule 907 in order to provide Appellant an opportunity to respond. Id.

On February 13, 2013, PCRA counsel filed a petition to reinstate Appellant's second PCRA petition nunc pro tunc. On November 19, 2013, the PCRA court notified Appellant of its intent to dismiss Appellant's second PCRA petition pursuant to Rule 907.[3] Appellant filed pro se a response on February 24, 2014. On February 25, 2014, the PCRA court dismissed Appellant's second

_____

[3] The record contains no order specifically reinstating Appellant's second PCRA petition nunc pro tunc. It is apparent from the PCRA court's notice of intent to dismiss, however, that the PCRA court reinstated the second PCRA petition.

PCRA petition but did not grant counsel permission to withdraw. Appellant filed pro se a notice of appeal on March 17, 2014. This Court, finding PCRA counsel was not granted permission to withdraw, was unable to address the merits of Appellant's pro se claims and remanded the case with instructions to determine counsel's status. Commonwealth v. White, 2015 WL 7587158 at *3 (Pa. Super. January 7, 2015) (unpublished memorandum).

On January 20, 2015, the PCRA court granted counsel's petition to withdraw. Having retained jurisdiction, this Court determined that because Appellant perfected his underlying pro se appeal, the PCRA court's subsequent order, upon remand, granting counsel permission to withdraw was a nullity. Commonwealth v. White, 2015 WL 7458884 at *1 (Pa. Super. March 5, 2015) (unpublished memorandum). This Court remanded the case and instructed the PCRA court to conduct a Grazier[4] hearing to determine if Appellant waived assistance of counsel. Id.

After conducting a Grazier hearing, the PCRA court determined that Appellant knowingly, intelligently, and voluntarily waived his right to counsel, and granted counsel's petition to withdraw on March 20, 2015. This Court subsequently affirmed the PCRA court's dismissal of Appellant's second PCRA petition. Commonwealth v. White, 2015 WL 7194237 at *5 (Pa. Super. May 12, 2015) (unpublished memorandum).

_____

[4] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

On August 20, 2018, Appellant filed the instant PCRA petition, his fourth, requesting a new trial based upon after-discovered evidence.[5] The PCRA court conducted an evidentiary hearing on February 7, 2019, and subsequently dismissed Appellant's PCRA petition on March 5, 2019. This appeal followed.[6]

Appellant raises the following issue for our review:

> Did the PCRA court err in finding that [Appellant] is not entitled to a new trial as a result of the after-discovered evidence, namely the testimony of an eyewitness to the shooting who identified two alternate suspects and testified that [Appellant] was not present at the scene at the time of the shooting?

Appellant's Brief at 4.

Our Supreme Court instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, courts lack jurisdiction over the petition. Commonwealth v. Wharton, 886 A.2d 1120, 1124 (Pa. 2005); see also Commonwealth v. Callahan, 101 A.3d 118, 121 (Pa. Super. 2014) (holding courts do not have jurisdiction over an untimely PCRA petition). In order to be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes

_____

[5] Appellant is represented by Assistant Federal Public Defender Kirk J. Henderson, Esq., who was appointed by the United States District Court for the Western District of Pennsylvania upon Appellant's filing of a petition for writ of habeas corpus.

[6] On July 15, 2019, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Appellant timely complied. The PCRA court subsequently filed its Rule 1925(a) opinion on August 20, 2019.

final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Our Supreme Court held that the PCRA's time restriction is constitutionally sound. Commonwealth v. Cruz, 852 A.2d 287, 292 (Pa. 2004).

Here, the trial court sentenced Appellant on October 23, 2002. This Court affirmed the judgment of sentence on August 24, 2004. Appellant did not file a petition for allowance of appeal seeking discretionary review in our Supreme Court. Consequently, Appellant's judgment of sentence became final on September 23, 2004, 30 days after the expiration of the time for seeking discretionary review in our Supreme Court. Pa.R.A.P. 1113 (providing 30 days after entry of this Court's order in which to file a petition for allowance of appeal with our Supreme Court); see also 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant's PCRA petition filed on August 20, 2018, almost 14 years after his judgment of sentence became final, is patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). Commonwealth v. Spotz, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." Commonwealth v. Brandon, 51

A.3d 231, 233-234 (Pa. Super. 2012), citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented.[7] 42 Pa.C.S.A. § 9545(b)(2). If appellant fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. Spotz, 171 A.3d at 676.

Here, Appellant asserted the newly discovered facts exception to the jurisdictional time-bar pursuant to Section 9545(b)(1)(ii). Appellant's PCRA Petition, 8/20/18, at ¶18. Our Supreme Court held that when considering a claim seeking to invoke the newly discovered facts exception, "the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." Commonwealth v. Cox, 146 A.3d 221 (Pa. 2016) (citation omitted). In the instant case, the Commonwealth conceded the eyewitness testimony offered at the PCRA evidentiary hearing satisfied the newly discovered facts exception to the jurisdictional time-bar.[8] N.T., 2/7/19, at 5.

_____

[7] We note that effective December 24, 2018, the time period in which to file a petition invoking one of the three exceptions was extended from sixty days to one year. 42 Pa.C.S.A. § 9545(b)(2). This amendment applies to claims arising one year prior to the effective date of the amendment; arising December 24, 2017, or later. Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Appellant filed his instant PCRA petition on August 20, 2018, this amendment applies.

[8] We note that counsel for both the Commonwealth and Appellant, as well as the PCRA court, mistakenly refer to the newly discovered facts exception,

At the evidentiary hearing, the eyewitness testified that on the day of the murder, Appellant was not one of the two male shooters she observed at the scene. Id. at 15. After witnessing the shooting, the eyewitness ran from the scene and did not talk to the police about what she saw. Id. at 11 and 16. The PCRA court found, and the record supports, that the eyewitness disclosed her recall of the shooting to the Federal Public Defender's Office in April 2018. PCRA Court Opinion, 8/20/19, at 5; N.T., 2/7/19, at 14. Upon learning of this newly discovered fact, namely the eyewitness's statement of events, Appellant filed his instant PCRA petition on August 20, 2018.

Based upon our review of the record, we concur with the parties that Appellant proved the newly discovered facts exception to the PCRA jurisdiction time-bar to the extent that the eyewitness identified the name of a second male present at the shooting scene, who was not previously known by Appellant, and identified two males, neither of whom was Appellant, as the

_____

which serves as an exception to the PCRA jurisdictional time-bar, as the after-discovered evidence basis that serves as grounds for PCRA relief. Compare 42 Pa.C.S.A. § 9545(b)(1)(ii), with 42 Pa.C.S.A. § 9543(2)(vi); see also N.T., 2/7/19, at 5; Appellant's PCRA Petition, 8/20/18, at ¶15; PCRA Court Opinion, 8/20/19, at 5. "To reiterate, the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S.[A.] § 9543(a)(2)." Commonwealth v. Burton, 158 A.3d 618, 629 (Pa. 2017).

shooters.[9] Having invoked this Court's jurisdiction, we review the merits of Appellant's claim.

Appellant contends the PCRA court erred in finding the after-discovered evidence did not merit post-conviction relief. Appellant's Brief at 12-22. Appellant argues he is entitled to a new trial based upon the eyewitness's testimony that he was not one of the two male shooters. Id.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." Commonwealth v. Miller, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Commonwealth v. Lawson, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the

_____

[9] "The focus of the exception is 'on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts.'" Commonwealth v. Robinson, 185 A.3d 1055, 1064 n.4 (Pa. Super. 2018), quoting Commonwealth v. Marshall, 947 A.2d 714 (Pa. 2008), appeal denied, 192 A.3d 1105 (Pa. 2018). Here, Appellant, in August 2007, identified an alleged eyewitness to the shooting. Appellant's Response to Petition of Withdrawal of Counsel, 8/3/07, at 3 (identifying the male individual by full name and alleging this individual was an eyewitness to the shooting). As discussed in greater detail infra, the eyewitness in the instant PCRA petition identified the same individual, previously known by Appellant, and a second individual, who Appellant did not previously identify, as the two male shooters. Because this eyewitness was able to identify a second male present at the scene, as well as identify both individuals as the two male shooters, we find this evidence constitutes newly discovered facts.

- 9 -

record could support a contrary holding." Commonwealth v. Hickman, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions de novo. Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc), appeal denied, 101 A.3d 785 (Pa. 2014).

In order to be granted a new trial based on after-discovered evidence, the petitioner must satisfy a four-part test requiring

> the petitioner to demonstrate the [after-discovered] evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

Commonwealth v. Small, 189 A.3d 961, 972 (Pa. 2018), citing Commonwealth v. Pagan, 950 A.2d 270 (Pa. 2008), cert. denied, 555 U.S. 1198 (2009). "The test is conjunctive; the [petitioner] must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." Commonwealth v. Padillas, 997 A.2d 356, 363 (Pa. Super. 2010), appeal denied, 14 A.3d 826 (Pa. 2010). In addition, the after-discovered evidence must be producible and admissible. Small, 189 A.3d at 972.

The "salutary goal of the after-discovered evidence rule [is] to limit continued litigation without being so rigid as to shut out [after-]discovered evidence from a credible source which may lead to a true and proper judgment." Small, 189 A.3d at 975 (citation omitted, emphasis added). As

is the case with recantation testimony, when the after-discovered evidence is exculpatory eyewitness testimony, a request for a new trial based on the exculpatory eyewitness testimony hinges on the credibility of the testimony. Id. "[T]he inquiry into whether the evidence would likely result in a different verdict [is] the lodestar of the after-discovered evidence analysis." Id. at 976 n.12 (stating second and third prongs of test subsumed by fourth prong regarding likelihood of different outcome), citing Commonwealth v. Perrin, 59 A.3d 663, 669 (Pa. Super. 2013) (Wecht, J., concurring), vacated, 103 A.3d 1224 (Pa. 2014). In short, only credible testimony satisfies the fourth prong of the after-discovered evidence test.

In determining whether the after-discovered evidence is of such nature and character that it would compel a different verdict if a new trial were granted, "a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." Padillas, 997 A.2d at 365 (citations omitted). It is axiomatic that if the after-discovered evidence is incredible, the after-discovered evidence would not compel a different outcome, and as a result, the PCRA court must deny the request for a new trial regardless of whether a petitioner has satisfied the first three prongs of the test. Small, 189 A.3d at 977. The precedent set by our Supreme Court in Small requires the PCRA court, as the fact-finder at the evidentiary hearing, to make definitive findings of fact, which are supported by the record, and conclusions of law with regard to the credibility of the after-discovered

evidence. Id. at 978. The PCRA court is in the superior position to make the credibility determination and assess whether the credible after-discovered evidence is of such importance that it will change the outcome of the case. Id.

Here, as to the first prong of the four-part test, we agree that due to the eyewitness fleeing the scene of the murder, her undetected presence at the time of the shooting, and her unwillingness to talk with the police or investigators prior to April 2018, Appellant, with reasonable diligence, could not have known about or obtained the eyewitness's testimony pertaining to the name of the second male present at the scene or the fact that two males, neither of whom was Appellant, were identified as the two shooters prior to the conclusion of the trial. PCRA Court Opinion, 8/20/19, at 7. Therefore, Appellant proved the first prong of the after-discovered evidence test.

With regard to the remaining three prongs, Appellant argues the eyewitness identified by name the two shooters, neither of whom, according to the eyewitness, was Appellant. Appellant's Brief at 20. Appellant contends the Commonwealth's case consisted primarily of Appellant's confession to the police memorialized solely by a written statement, which Appellant argued at trial was a fabrication, and the testimony of two eyewitnesses who were intoxicated at the time of the shooting and were unable to identify Appellant as the shooter. Id. at 19-20; see also Appellant's Reply Brief at 1. Appellant claims he never confessed to the police and that his alleged statement, handwritten by the police detective, was falsified because information he

- 12 -

allegedly provided during the confession that was memorialized in the written statement was later proven false.[10]  Appellant's Brief at 19-21.  Appellant contends that the eyewitness testimony "corroborates [Appellant's] alibi evidence, contradicts the Commonwealth's theory of the case[], and most importantly, identifies the shooters, neither of whom [was Appellant]."  Id.

In order to satisfy the second and third prongs of the after-discovered evidence test, the use of the after-discovered evidence, at trial, must be more than "merely corroborative or cumulative[11]" and for purposes other than

_____

[10] Appellant contends that one of the falsifications in the written statement was that he allegedly stated he dismantled the gun he used to shoot the victim and scattered the gun parts in various locations.  Appellant's Brief at 19.  Appellant claims that while he was incarcerated, the police, in fact, found the gun intact.  Id.  In support of his argument, Appellant cites to portions of the notes of testimony that are missing from the certified record.  Id.; see also Commonwealth's Brief at 15 n.7 (stating, "it appears[] at least some portion of the transcript is missing" from the certified record).  Specifically, the notes of testimony from the afternoon session of trial on July 19, 2002, are not included in the certified record.

[11] Regarding the second prong, the Small Court reaffirmed,

after-discovered evidence is merely corroborative or cumulative — and thus not sufficient to support the grant of a new trial — if it is of the same character and to the same material point as evidence already adduced at trial.  It is clear the terms "of the same character" and "to the same point" refer to distinct qualities of evidence; to be "merely corroborative or cumulative," [after-]discovered evidence must tend to prove material facts that were already in evidence at trial, and also be of the same grade or character of evidence as that produced at the trial to prove those material facts.  If the [after-discovered] evidence is of a different and "higher" grade or character, though upon the same point, or of the same grade or character on a different point, it is

"solely to impeach the credibility of a witness." Small, 189 A.3d at 972. In finding that Appellant did not prove the second prong, the PCRA court stated,

> [Appellant] presented three witnesses at trial who testified that he was not present [at the time of the shooting] on August 10, 2000. [The eyewitness] testified [at the PCRA evidentiary hearing] that she did not see [Appellant] present on August 10, 2000, nor did she []identify [Appellant] as being one of the men shooting. Thus, [the eyewitness's] testimony is corroborative with the testimony of the three witnesses presented at trial and is[,] therefore[,] cumulative.

PCRA Court Opinion, 8/20/19, at 7 (record citation omitted). Although the eyewitness corroborates the alibi witness testimony that Appellant was not present at the time of the shooting, the eyewitness further provides definitely the identities of the two male shooters, which the other witnesses did not provide. The after-discovered eyewitness testimony, therefore, is more than "merely corroborative or cumulative." Consequently, we find, and the record supports, that Appellant proved the second prong of the after-discovered evidence test.

With regard to the third prong, the PCRA court concluded the eyewitness testimony would, inter alia, impeach the City of Pittsburgh police detective, who testified regarding Appellant's confession. Id. at 7-8. Because the eyewitness testimony does not pertain to the challenges Appellant raised at trial regarding the veracity of the police detective's testimony, namely the

_____

> not "merely" corroborative or cumulative, and may support the grant of a new trial based on after-discovered evidence.

Small, 189 A.3d at 973-974 (citation omitted).

circumstances under which the confession was obtained and the validity of the confession, the use of the eyewitness testimony would not impeach the credibility of the police detective. Rather, the eyewitness testimony would be used to identify the two male shooters, neither of whom was Appellant, and no other evidence offered at the trial named these two same individuals as the shooters.[12] Consequently, we find, and the record supports, that Appellant proved the third prong of the after-discovered evidence test.

The PCRA court, in finding that Appellant did not satisfy the fourth prong of the test, stated,

> [The eyewitness] testified that she witnessed [two males, neither of whom was Appellant, and] both of whom are now deceased, kill the victim. However, [the eyewitness] did not know the last names of the men she testified she saw until January/February of [2018] after she spoke to [a friend], who learned the identification of the men from her niece, [Appellant's] wife. Additionally, although [the eyewitness] was willing to speak to the Federal Public Defender's Office, she refused to speak to the City of Pittsburgh Police Department[,] who attempted to review the case. Given the connection to [Appellant's] wife, the fact [the eyewitness] did not know the positive identification of the now deceased men until she spoke to [her friend], and [the] unwillingness to cooperate with the police calls into question both the integrity and motive for presenting this testimony.
>
> As previously stated, [Appellant] presented three witnesses at trial who testified he was not present at the crime scene. With the testimony of these witnesses, the jury returned a guilty verdict of [t]hird-[d]egree murder. An additional witness, who would present cumulative information with that already presented to the jury, would not compel a verdict different than that reached at trial.

---

[12] The eyewitness testimony, at most, indirectly impeached Appellant's confession that he was one of the shooters.

> For the aforementioned reasons, the after-discovered testimony of [the eyewitness] does not satisfy the nature and character that would compel a []different outcome.

PCRA Court Opinion, 8/20/19, 8-9 (emphasis added).

Appellant contends the PCRA court did not find the eyewitness testimony "entirely incredible." Appellant's Reply Brief at 1. Appellant argues the eyewitness "testimony, even with facts that have the potential to undermine her credibility, combined with what was presented at trial, likely would have resulted in a different verdict." Id. Appellant submits, "[t]he mere fact that [the eyewitness] did not know the last names of [the two] individuals [that] she did not know personally but recognized from 'seeing them around' the neighborhood does not detract from the credibility of her identification." Id. at 2.

The PCRA court opined that the circumstances surrounding the eyewitness, namely that the eyewitness was not able to provide the last names of the two shooters until her friend obtained the information from Appellant's wife and that the eyewitness did not speak with the City of Pittsburgh Police Department, "calls into question" the integrity and the motive for providing the testimony. PCRA Court Opinion, 8/20/19, at 8. The PCRA court, however, did not make specific, independent findings of fact and conclusions of law and did not make a definitive determination as to the credibility of the eyewitness. We might infer from the PCRA court's remark that the circumstances "called into question" the eyewitness's integrity and motivation, coupled with the subsequent denial of Appellant's request for a

- 16 -

new trial, that the PCRA court found the eyewitness incredible. We are reluctant to do so, however, given that the PCRA court failed to state, expressly and conclusively, whether it found the eyewitness credible or incredible. Our task on appeal is to assess whether the record supports the PCRA court's factual findings and credibility determinations; this Court cannot assume, for purposes of its review, that the PCRA court found the eyewitness incredible.

Accordingly, we are constrained to remand the case to the PCRA court for the limited purpose of determining definitively whether it found the eyewitness to be credible and, if so, whether her testimony would likely produce a different verdict in this case if a new trial were granted. Within 60 days of the reopening of the Allegheny County Court of Common Pleas pursuant to our Supreme Court's April 1, 2020 order[13] declaring a general statewide judicial emergency due to COVID-19 or within 60 days of the filing of this memorandum, whichever the latter, the PCRA court shall file a supplemental Rule 1925(a) opinion stating definitively whether the eyewitness was credible or incredible and what impact that testimony, if credible, would have on the outcome of this case. Within that 60-day period, the PCRA court

_____

[13] In its second supplemental order, our Supreme Court declared the Pennsylvania courts closed to the public until April 30, 2020, and authorized individual judicial districts to remain closed until May 31, 2020, if deemed necessary. Supreme Court of Pennsylvania Second Supplemental Order, 4/1/20.

shall also make the notes of testimony from the July 19, 2002 afternoon session of trial part of the certified record.

Case remanded. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/08/2020